<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRAIG WILLIAMS, | : | |
| | : | Civil Action No. 05-0796 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DEVON BROWN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Craig Williams, Plaintiff <u>pro</u> <u>se</u>
#138059
Camden County Department of Corrections
330 Federal Street
Camden, NJ 08101

**KUGLER**, District Judge

Plaintiff Craig Williams, a prisoner currently confined at the Camden County Department of Corrections in Camden, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he was attacked by his cell mate and sustained serious injuries as a result of that attack.  He alleges that the Defendants or their agents were negligent in failing to provide sufficient security to prevent the attack. The named defendants are the State of New Jersey Office of the Attorney General, the State of New Jersey Department of Corrections, Commissioner Devon Brown, Camden County Correctional Facility, and Warden Taylor.[1]

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a

---

[1] The Clerk of the Court will be ordered to correct the docket to reflect all of the Defendants.

governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under
§ 1983 solely on a theory of respondeat superior. See City of
Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v.
New York City Department of Social Services, 436 U.S. 658, 690-
91, 694 (1978) (municipal liability attaches only "when execution
of a government's policy or custom, whether made by its lawmakers
or by those whose edicts or acts may fairly be said to represent
official policy, inflicts the injury" complained of); Natale v.
Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d
Cir. 2003).  "A defendant in a civil rights action must have
personal involvement in the alleged wrongs, liability cannot be
predicated solely on the operation of respondeat superior.
Personal involvement can be shown through allegations of personal
direction or of actual knowledge and acquiescence." Rode v.
Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations
omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286,
1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-
91 (3d Cir. 1995).[2]

To establish municipal liability under § 1983, "a plaintiff
must show that an official who has the power to make policy is
responsible for either the affirmative proclamation of a policy
or acquiescence in a well-settled custom." Bielevicz v. Dubinon,

---

[2] As Plaintiff makes no claims of personal involvement
against any of the defendants, the claims against them must be
dismissed without prejudice on this basis alone.

5

915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v.

Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516

U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v.

Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must

demonstrate that, through its deliberate conduct, the

municipality was the moving force behind the plaintiff's injury.

Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing]
> final authority to establish municipal policy with
> respect to the action issues a final proclamation,
> policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212
> (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati,
> 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452
> (1986) (plurality opinion)).  A custom is an act "that
> has not been formally approved by an appropriate
> decisionmaker," but that is "so widespread as to have
> the force of law." [Bd. of County Comm'rs of Bryan
> County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]
>
> There are three situations where acts of a
> government employee may be deemed to be the result of a
> policy or custom of the governmental entity for whom
> the employee works, thereby rendering the entity liable
> under § 1983.  The first is where "the appropriate
> officer or entity promulgates a generally applicable
> statement of policy and the subsequent act complained
> of is simply an implementation of that policy."  The
> second occurs where "no rule has been announced as
> policy but federal law has been violated by an act of
> the policymaker itself."  Finally, a policy or custom
> may also exist where "the policymaker has failed to act
> affirmatively at all, [though] the need to take some
> action to control the agents of the government 'is so
> obvious, and the inadequacy of existing practice so
> likely to result in the violation of constitutional
> rights, that the policymaker can reasonably be said to
> have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

In addition, the Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 64, 70-71 and n.10 (1989); <u>Grabow v. Southern State Correctional Facility</u>, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

For the foregoing reasons, all damages claims against the State of New Jersey Department of Corrections, the State of New Jersey Office of the Attorney General, and Commissioner Devon Brown in his official capacity must be dismissed with prejudice.

IV.   <u>ANALYSIS</u>

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994); <u>Young v. Quinlan</u>, 960 F.2d 351, 364 (3d Cir. 1992). Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." <u>Farmer</u>, 511 U.S. at 833 (1994) (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" <u>Id.</u> at 834 (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)).

8

To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim.  The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety.  See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety, Id. at 837.  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842. Deliberate indifference is more than a mere lack of ordinary due

care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm.  Farmer, 511 U.S. at 834.

Applying Farmer to the instant action, the first question is whether Plaintiff has alleged facts showing that inmates, or Plaintiff in particular, faced a substantial risk of assault. The second question is whether Plaintiff has alleged facts from which it could be inferred that defendants were aware of and disregarded that risk.

Plaintiff does not allege facts which suggest that defendants were informed of a specific risk of harm to himself or other inmates, Nami, 82 F.3d at 67-68; Young, 960 F.2d at 362, or that "a substantial risk of inmate attacks was longstanding, pervasive, well-documented" or otherwise obvious to them. Farmer, 511 U.S. at 842; accord Hamilton v. Leavy, 117 F.3d 742, 747-48 (3d Cir. 1997); Ingalls v. Florio, 968 F.Supp. 193, 199-200 (D.N.J. 1997).  While defendants may not have exercised due care in failing to prevent the assault by Plaintiff's cellmate, such negligence is insufficient to establish a violation of the Eighth Amendment.  Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights); see also Schwartz v. County of Montgomery, 843 F.Supp. 962 (E.D. Pa.), aff'd, 37 F.3d 1488 (3d Cir. 1994) (stating that

10

corrections officers' failure to observe institutional policies regarding the supervision of dangerous inmates constitutes negligence, which cannot support a § 1983 action for violation of the Eighth or Fourteenth Amendments).  Because negligence is not actionable under § 1983 as a constitutional violation, the Complaint fails to state a claim for failure to protect.

### V.   CONCLUSION

For the reasons set forth above, the Complaint would ordinarily be subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court will grant Plaintiff leave to file an amended complaint.[3]  An appropriate order follows.


S/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: April 20, 2005

_____

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

11