<u>**NOT FOR PUBLICATION**</u>                                            [Doc. No. 31]

```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
                   CAMDEN VICINAGE
```

| | |
|---|---|
| CRAIG WILLIAMS,<br><br>             Plaintiff,<br><br>      v.<br><br>DEVON BROWN, et al.,<br><br>             Defendants. | Civil No. 05-796 (RMB)<br><br>**OPINION** |

Appearances:
    Craig Williams
    1816 Arborwood
    Lindenwold, NJ 08021
        Plaintiff, <u>pro se</u>.

    Donna M. Whiteside
    Office of Camden County Counsel
    Camden County Courthouse
    520 Market Street
    14th Floor
    Camden, NJ 08102-1375
        Attorney for Defendants, Camden County
        Correctional Facility and Eric Taylor.

**BUMB,** United States District Judge:

This matter comes before the Court on a motion for summary judgment by Defendants Eric Taylor and the Camden County Correctional Facility. Plaintiff, <u>pro se</u>, Craig Williams was an inmate at the Camden County Correctional Facility and alleges that Defendants are liable for injuries he suffered at the hands of another inmate. Defendants move for summary judgment, which

1

Plaintiff does not oppose.

I. Standard

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995).

At the same time, the Court is mindful that pro se litigants' pleadings are held to a more liberal standard. On summary judgment, however, a plaintiff must produce evidence "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Mere allegations are not enough to survive summary judgment. S.E.C. v. J.W. Barclay & Co., 442 F.3d 834, 840 (3d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)).

II. Statement of Facts

   Plaintiff filed this complaint in response to an incident at the Camden County Correctional Facility, where he was an inmate. (Pl.'s Amended Compl. at 1). He was attacked and seriously injured by his cellmate, who, according to Plaintiff, had a "violent history of assaulting other inmates without provocation." (Pl.'s Amended Compl. at 1). Plaintiff alleges that Defendants' "deliberate indifference to the history of [the cellmate] caused them to fail to take protective actions"; he asserts that they should have separated the cellmate from Plaintiff and from the general prison population. (Pl.'s Amended Compl. at 1). Further, Plaintiff alleges that during the incident "[t]he correctional officers[,] knowing that [P]laintiff had been injured[,] failed to render assistance." (Pl.'s Amended Compl. at 1-2).

   Plaintiff's original complaint named as defendants the State of New Jersey Department of Corrections, the State of New Jersey Office of the Attorney General, Commissioner Devon Brown, the Camden County Correctional Facility, and Warden Eric Taylor.

Williams v. Brown, 2005 U.S. Dist. LEXIS 45018 at *2 (April 20, 2005).  Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), this Court screened Plaintiff's complaint for failure to state a claim.  In an Opinion and Order, the Court dismissed, with prejudice, Plaintiff's claims against the State of New Jersey Department of Corrections, the State of New Jersey Office of the Attorney General, and Commissioner Devon Brown, because, under the Eleventh Amendment, the court lacked jurisdiction to hear claims against these parties.  Id. at *10.  Plaintiff's claims against the Camden County Correctional Facility and Warden Eric Taylor were dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  Id. at *14.  These latter claims did "not allege facts which suggest that defendants were informed of a specific risk of harm to himself or other inmates . . . , or that 'a substantial risk of inmate attacks was longstanding, pervasive, well-documented' or otherwise obvious to them," and "[b]ecause negligence is not actionable under § 1983 as a constitutional violation, the Complaint fails to state a claim for failure to protect."  Id. at *13-14.  The Court gave Plaintiff leave to amend, id. at *15,  and the current, amended complaint resulted. (Doc. No. 6).  Discovery concluded on April 19, 2007.  (Doc. No. 28).

Although the Amended Complaint specifies claims only against

4

Defendant Taylor alone, this Court will assume that the Plaintiff is asserting claims against both Taylor and the Camden County Correctional Facility for whom leave to amend was granted and who have both responded to the Plaintiff's claims.

This Court will interpret Plaintiff's allegations as asserting 42 U.S.C. § 1983 claims for violation of his Eighth Amendment rights against Defendants Eric Taylor and the Camden County Correctional Facility.

III. Analysis

Similar to Plaintiff's original complaint, his Amended Complaint asserts claims against Defendant Eric Taylor in his official capacity as Warden of the Camden County Correctional Facility. Although Plaintiff does not especially allege in what capacity he is suing Taylor, the Complaint refers to Defendant as "Warden of Camden County Jail," and does not allege any personal involvement by the Warden himself.   (Pl.'s Amended Compl. at 1.)

The Court previously dismissed Plaintiff's claim against Taylor in his official capacity. The Eleventh Amendment bars suits for money damages against state officials in their official capacity. U.S. Const. amend. XI; see Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Further, an entity must be a "person" within the meaning of 42 U.S.C. § 1983 for that statute to create a cause of action; state officials sued in their official

capacities are not "persons" within the meaning of § 1983, <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 at 71 (1989). Accordingly, this Court will dismiss the Complaint against Defendant Taylor in his official capacity for failure to state a claim on which relief could be granted.

Similarly, the Camden County Correctional Facility must be a "person" under § 1983 to be amenable to suit. Defendants argue that the Camden County Correctional Facility is not an entity that can sue or be sued. This Court agrees that it is well established that jail facilities are not considered "persons" for purposes of § 1983 liability. <u>See</u> <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989); <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271, 274 (E.D. Pa. 1976). As a jail facility, the Camden County Correctional Facility is immune to relief under § 1983. Summary judgment will be granted as to all claims against Defendant Camden County Correctional Facility.

What remains is Plaintiff's claim against Defendant Taylor in his individual capacity for violation of Plaintiff's Eighth Amendment rights. The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. U.S. Const. amend. XI; <u>see</u> <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981).

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825 (1994). Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (1994) (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

To survive summary judgment on a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim. The inmate must produce evidence of a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety. See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

The inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm," and that prison officials knew of and disregarded the excessive risk to inmate safety. Farmer, 511 U.S. at 833, 837. "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much

7

less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985) (quoting Shrader v. White, 761 F.2d 975, 978 (4th Cir.1985)).

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842. Deliberate indifference is more than ordinary lack of due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm. Farmer, 511 U.S. at 834.

Applying the dictates of Farmer to the instant action, the first question is whether or not Plaintiff faced a substantial risk of assault. The second question is whether or not Defendants were aware of and disregarded that risk.

Plaintiff has failed to provide sufficient evidence showing that he faced a substantial risk of assault. While he alleges that his cellmate had a "violent history of assaulting other inmates without provocation," he provides no support for that allegation, other than his allegation. (Pl.'s Amended Compl. at 1). Indeed, he admitted in his deposition testimony that he had never had any fights with this cellmate before, and that he did not know of any fights involving the cellmate and others in the

8

area. (Def.'s Br. Exhibit 4.) Notably, he had "[n]o idea whatsoever" why he was attacked by his cellmate. (Def.'s Br. Exhibit 4.) Thus, the Plaintiff's own evidence contradicts his own allegation. If the cellmate had a violent history of attacking without provocation, as he alleged, Plaintiff surely would have some idea why he was attacked. Moreover, the Plaintiff's evidence does not support a finding that there was a substantial risk of an attack. It indicates that this was an isolated attack, just the opposite of a "pervasive risk of harm." Riley, 777 F.2d at 147. There is no evidence in the record before this Court that the cellmate had any such violent history.

Plaintiff's amended complaint fails to even allege facts from which it could be inferred that defendants were aware of and disregarded a substantial risk of assault. Additionally, although Plaintiff had made conclusory allegations that his injures were caused by the "willful and deliberate indifference of the Defendant and those who worked for them," there is no evidence in the record that the Defendant had actual knowledge of a risk of harm, or of any other direct involvement of the Defendant himself. In fact, Plaintiff testified in his deposition that he had not warned any employee at the facility about the possibility of a fight. (Def.'s Br. Exhibit 4.) Therefore, Plaintiff provides no evidence that Defendant was aware of and disregarded a pervasive, substantial risk of assault

other than his bare allegations of "deliberate indifference to the history of [the cellmate]," (Pl.'s Amended Compl. at 1).

Finally, Plaintiff alleges "deliberate indifference of . . . those who worked for [Defendant]," and that during the incident "[t]he correctional officers[,] knowing that [P]laintiff had been injured[,] failed to render assistance." (Pl.'s Amended Compl. at 1-2). However, respondeat superior generally does not apply to § 1983 claims. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n. 8 (1985); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Moreover,

> [a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Plaintiff makes no "allegations of personal direction or of actual knowledge and acquiescence" on the part of Defendant, so no claim may lie against him under respondeat superior. Id.

Plaintiff has failed to demonstrate "genuine factual issues

10

that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250. Therefore, summary judgment will be granted to defendant Taylor on Plaintiff's § 1983 claims under the Eighth Amendment.

The defendants further argue that Plaintiff's claims should be dismissed for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies before bringing a claim. Because Defendants are entitled to judgment on Plaintiff's claims, the Court will not address these arguments.

IV. Conclusion

For the reasons discussed above, Defendants' motion for summary judgment is granted. An appropriate order will issue this date.

Dated: July 17, 2007                    s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge